UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

RONALD W. HARGIS and
AMY HARGIS

     V.                      Case No. 1:08-CV-00339-RLY-JMS

WELLSPEAK ENTERPRISES, INC.
d/b/a AJ ENGINEERING, KOHLER COATING,
and MARQUIP WARD UNITED

## FIRST AMENDED COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

Comes now the plaintiff, Ron Hargis, by counsel, Nunn Law Office, and for cause of action against the defendant, Wellspeak Enterprises, Inc., d/b/a AJ Engineering, alleges and says:

1. That on or about October 10, 2007, the plaintiff, Ronald W. Hargis, was at his place of employment at Flutes, Inc., 8254 Zionsville Road, Indianapolis, Marion County, Indiana, performing his job duties while using machinery, when his hand was pulled into the machine up to his wrist.

2. That plaintiff alleges that this court possesses subject matter jurisdiction pursuant to 18 U.S.C. Section 1332 insomuch as there is diversity of citizenship between plaintiff and defendant in that defendant Wellspeak Enterprises, Inc., d/b/a AJ Engineering's principle place of business is in North Carolina and is therefore a citizen of the State of North Carolina and the plaintiff Ron Hargis, is a citizen of the State of Indiana.  Plaintiff also alleges that the amount in controversy exceeds the jurisdictional limitation.

3. That the machinery had been purchased from the defendant.

-2-

4. Said machinery was designed, manufactured, and sold by defendant.

5. Defendant negligently designed, manufactured and sold the machinery.

6. Defendant negligently trained Flutes, Inc. employees in the operation of said machinery.

7. That plaintiff's injuries were caused by the negligence of the defendant.

8. That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

9. That the plaintiff has incurred medical expenses, lost wages, and other special expenses in an amount to be proven at the trial of this cause, and will incur future medical expenses, lost wages, and other special expenses, as a direct and proximate result of defendants' negligence.

WHEREFORE, the plaintiff demands judgment against the defendants for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages, and other special expenses, for future medical expenses, lost wages, and other special expenses, court costs, and all other proper relief in the premises.

NUNN LAW OFFICE


BY:   /s/ Michael W. Phelps
        Michael W. Phelps,  #20646-89


**SECOND CAUSE OF ACTION**

-3-

Comes now the plaintiff, Ron Hargis, by counsel, Nunn Law Office, and for cause of action against the defendant, Kohler Coating, alleges and says:

    1.    That he incorporates by reference all paragraphs of the First Cause of Action as set out above.

    2.    That on or about October 10, 2007, the plaintiff, Ronald W. Hargis, was at his place of employment at Flutes, Inc., 8254 Zionsville Road, Indianapolis, Marion County, Indiana, performing his job duties while using machinery, when his hand was pulled into the machine up to his wrist.

    3.    That plaintiff alleges that this court possesses subject matter jurisdiction pursuant to 18 U.S.C. Section 1332 insomuch as there is diversity of citizenship between plaintiff and defendant in that defendant Kohler Coating's principle place of business is in Ohio and is therefore a citizen of the State of Ohio and the plaintiff Ron Hargis, is a citizen of the State of Indiana.  Plaintiff also alleges that the amount in controversy exceeds the jurisdictional limitation.

    4.    That the machinery had been purchased from the defendant.

    5.    Said machinery was designed, manufactured, and sold by defendant.

    6.    Defendant negligently designed, manufactured and sold the machinery.

    7.    Defendant negligently trained Flutes, Inc. employees in the operation of said machinery.

    8.    That plaintiff's injuries were caused by the negligence of the defendant.

    9.    That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

-4-

10. That the plaintiff has incurred medical expenses, lost wages, and other special expenses in an amount to be proven at the trial of this cause, and will incur future medical expenses, lost wages, and other special expenses, as a direct and proximate result of defendants' negligence.

WHEREFORE, the plaintiff demands judgment against the defendants for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses, lost wages, and other special expenses, for future medical expenses, lost wages, and other special expenses, court costs, and all other proper relief in the premises.

NUNN LAW OFFICE

BY: /s/ Michael W. Phelps
Michael W. Phelps, #20646-89

### THIRD CAUSE OF ACTION

Comes now the plaintiff, Ron Hargis, by counsel, Nunn Law Office, and for cause of action against the defendant, Marquip Ward United, alleges and says:

1. That he incorporates by reference all paragraphs of the First Cause of Action and Second Cause of Action as set out above.

2. That on or about October 10, 2007, the plaintiff, Ronald W. Hargis, was at his place of employment at Flutes, Inc., 8254 Zionsville Road, Indianapolis, Marion County, Indiana, performing his job duties while using machinery, when his hand was pulled into the machine up to his wrist.

-5-

      3.      That plaintiff alleges that this court possesses subject matter jurisdiction pursuant to 18 U.S.C. Section 1332 insomuch as there is diversity of citizenship between plaintiff and defendant in that defendant Marquip Ward United's principle place of business is in Wisconsin and is therefore a citizen of the State of Wisconsin and the plaintiff Ron Hargis, is a citizen of the State of Indiana.  Plaintiff also alleges that the amount in controversy exceeds the jurisdictional limitation.

      4.      That the machinery had been purchased from the defendant.

      5.      Said machinery was designed, manufactured, and sold by defendant.

      6.      Defendant negligently designed, manufactured and sold the machinery.

      7.      Defendant negligently trained Flutes, Inc. employees in the operation of said machinery.

      8.      That plaintiff's injuries were caused by the negligence of the defendant.

      9.      That the aforesaid acts of negligence on the part of the defendant were the proximate cause of the injuries sustained by the plaintiff.

      10.      That the plaintiff has incurred medical expenses, lost wages, and other special expenses in an amount to be proven at the trial of this cause, and will incur future medical expenses, lost wages, and other special expenses, as a direct and proximate result of defendants' negligence.

      WHEREFORE, the plaintiff demands judgment against the defendants for permanent injuries in a reasonable amount to be determined at the trial of this cause, for medical expenses,

-6-

lost wages, and other special expenses, for future medical expenses, lost wages, and other special expenses, court costs, and all other proper relief in the premises.

NUNN LAW OFFICE


BY: /s/ Michael W. Phelps
Michael W. Phelps, #20646-89

## FOURTH CAUSE OF ACTION

Comes now the plaintiff, Amy Hargis, by counsel, Nunn Law Office, and for cause of action against the defendants, Wellspeak Enterprises, Inc., d/b/a AJ Engineering, Kohler Coating, and Marquip Ward United, alleges and says:

1. That she incorporates by reference all paragraphs of the First Cause of Action, Second Cause of Action, and Third Cause of Action as set out above.

2. That the plaintiffs are husband and wife and were husband and wife on the date of the above described accident.

3. That as a direct and proximate result of defendants' negligence and the resulting permanent injuries received by Ron Hargis, the plaintiff, Amy Hargis, has been deprived of her husband's services, companionship, society and consortium during the period of his convalescence and for an indefinite further period of time, and has been damaged in an amount to be determined at the trial of this cause.

–7–

WHEREFORE, the plaintiff demands judgment against the defendants for the loss of her husband's services, companionship, society and consortium, in a reasonable amount to be determined at the trial of this cause, court costs, and for all other proper relief in the premises.

NUNN LAW OFFICE


BY:  /s/ Michael W. Phelps
       Michael W. Phelps, #20646-89


CERTIFICATE OF SERVICE

I affirm, under the penalties of perjury, that on or about June 25, 2009, service of a true and complete copy of the above and foregoing pleading or paper was filed through the Court's EFC system.

/s/ Michael W. Phelps
Michael W. Phelps, #20646-89
NUNN LAW OFFICE
Franklin Place
104 Franklin Road
Bloomington, IN  47404
Phone: (812) 332-9451
Fax: (812) 331-5321
E-mail: mphelpslaw@yahoo.com


Nunn Law Office
104 South Franklin Road
Bloomington, In  47404
Phone:  812-332-9451