UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONALD W. HARGIS and<br>AMY HARGIS,<br>    Plaintiffs,<br><br>    vs.<br><br>WELLSPEAK ENTERPRISES, INC.<br>d/b/a AJ ENGINEERING and KOHLER<br>COATING,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 1:08-cv-339-RLY-TAB |

## ORDER ON MOTION TO INTERVENE

Plaintiff Ronald Hargis alleges that he was injured using Defendants' equipment during his work at Flutes, Inc. Flutes moved to intervene as a defendant in this action, claiming that it provided Hargis with worker's compensation benefits after the accident and has a stake in this case because of its statutory lien on any compensation he may receive. [Docket No. 79.] Flutes's motion provided a proper basis for intervention under Federal Rule of Civil Procedure 24(a)(2) but failed to assert a basis for jurisdiction, so the Court took the motion under advisement and ordered Flutes to provide a supplemental jurisdictional statement. [Docket No. 80.] After reviewing Flutes's supplemental statement [Docket No. 81], the Court is satisfied it has jurisdiction over Flutes's claim and therefore grants Flutes's motion to intervene.

Diversity of citizenship provides the original jurisdictional hook for this personal injury action brought by Ronald and Amy Hargis, Indiana citizens. 28 U.S.C. § 1332. But Flutes also claims Indiana citizenship [Docket No. 81 ¶ 4], so the Court cannot have jurisdiction over its claim by way of diversity. Instead, as Flutes asserted in its statement, the Court has supplemental jurisdiction under 28 U.S.C. § 1367. Section 1367 provides a three-subsection test

for supplemental jurisdiction. Flutes satisfies subsection (a) because its worker's compensation lien is so related to the original personal injury action as to form part of the same case or controversy. Flutes also satisfies subsection (b), which cuts off supplemental jurisdiction over claims brought by plaintiffs (or parties seeking to intervene as plaintiffs) when original jurisdiction is based on diversity and would be destroyed by the proposed claims. Although Flutes and the Hargises are not diverse, Flutes avoids subsection (b) by intervening as a defendant, which is proper given that its claim is against Ronald Hargis for recovery of its lien. Finally, Flutes's claim does not trigger any of subsection (c)'s four reasons to decline jurisdiction.

Satisfied of its jurisdiction under 28 U.S.C. § 1367 and that intervention is permitted under Rule 24(a)(2), the Court grants Flutes's motion to intervene as a defendant. [Docket No. 79.]

Dated: 12/02/2010

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Michael Carr Adley
michael.adley@libertymutual.com

Jeremy Michael Dilts
dilts@carsonboxberger.com

Douglas Alan Hoffman
hoffman@carsonboxberger.com

David T. Kasper
dkasper@fbtlaw.com

Matthew Reed King
mking@fbtlaw.com

Edward J. Liptak
liptak@carsonboxberger.com

Michael W. Phelps
mikep@kennunn.com

Randall R. Riggs
rriggs@fbtlaw.com