UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RONALD W. HARGIS AND AMY HARGIS, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs | ) ) Cause No. 1:08-cv-00339-RLY-TAB ) |
| WELLSPEAK ENTERPRISES, INC. d/b/a AJ ENGINEERING, KOHLER COATING, AND MARQUIP WARD UNITED, | ) ) ) ) ) ) |
| Defendants. | ) |

**MOTION FOR JUDGMENT AS A MATTER OF LAW**

Comes now defendant, Kohler Coating, pursuant to Rule 50(a) of the Federal Rules of Civil Procedure, and files this Motion for judgment as a matter of law.

Discussion

A.  Standard on Directed Verdict

Rule 50 of the Federal Rules of Civil Procedure reads as follows, in relevant part:

> "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

A mere scintilla of evidence is not enough to require the submission of an issue to the jury. Before the evidence is left to the jury, there is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any evidence upon which a jury can properly proceed to find a verdict for the party producing it. Hohmann v. Packard Instrument Company, Inc., 471 F.2d

815, 819 (7th Cir. 1973). The trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict. <u>Teamsters Local 282 Pension Trust Fund v. Angelos</u>, 839 F.2d 366, 370 (7th Cir. 1988). Submission to the jury is proper if an issue is supported by circumstantial evidence. However, if the verdict is supported only by sheer speculation and conjecture, directed verdict is appropriate. <u>Garrett v. Barnes</u>, 961 F.2d 629, 632 (7th Cir. 1992). A directed verdict operates as a judgment on the merits. <u>Lyttle v. Killackey</u>, 528 F.Supp.2d 818, 824-825 (N.D. Ill. 2007)

    B.    <u>Application of Relevant Law</u>

The plaintiffs have brought a products liability action against Kohler Coating, the manufacturer of one of the machines on a cardboard production line. There has been no evidence presented that Ronald Hargis was injured from contact with the Kohler Coating gluer. It is undisputed that his injury was sustained when he made contact with co-defendant AJ Engineering's conveyor. There has been no evidence presented that Kohler Coating's machine was defective or unreasonably dangerous at the time of Ronald Hargis's injury. Indiana's Products Liability Act defines defective products as follows:

> "A product is in a defective condition under this article if, at the time it is conveyed by the seller to another party, it is in a condition: (1) not contemplated by reasonable persons among those considered expected users or consumers of the product; and (2) that will be unreasonably dangerous to the expected user or consumer when used in a reasonable expectable way of handling or consumption."

<u>I.C. § 34-20-4-1</u>.

All three parties to this action have requested that the Court instruct the jury on the elements of a viable products liability action using Indiana Model Civil Jury Instruction 2305. *Compare*, <u>Defendant Kohler Coating's Final Instruction No. 18</u> *with* <u>Plaintiff's Proposed Final Jury Instruction</u>

2305 (as modified), *and* AJ Engineering's Proposed Final Instruction No. 1.

Those instructions require (among other things) that the Kohler Coating machine be in an unreasonably dangerous, defective condition at the time of sale and that the defective condition of the product was a responsible cause of physical harm to Ron Hargis. Neither of those elements can be met.

Through the end of the plaintiff's case-in-chief, there has been no evidence, whatsoever, that the Kohler Coating machine was in a defective condition at any time. Further, the undisputed evidence is that the only physical harm to Ronald Hargis occurred when he made contact with the unguarded intake rollers on the AJ conveyor, not Kohler Coating's gluer. Therefore, Kohler Coating's gluer was not a responsible cause of the physical harm to Ronald Hargis.

In light of the absence of any evidence that the Kohler Coating machine was in a defective condition and that the defective condition caused physical injury to Ronald Hargis, plaintiffs cannot meet their burden of proof in their action against Kohler Coating. Indeed, there has not even been "a scintilla" of evidence on either of those elements. As such, a judgment as a matter of law in favor of Kohler Coating and against the plaintiffs is appropriate under F.R.C.P. 50(a).

Further, in the event the Court grants the Motion for judgment as a matter of law in favor of AJ Engineering due to the absence of expert evidence against it, Kohler Coating observes that such a ruling should also be entered in its favor for the same reason, i.e.- an absence of expert testimony against it.

WHEREFORE, Kohler Coating requests that the Court enter judgment as a matter of law in favor of Kohler Coating and against the plaintiffs, and for all other just and proper relief in the premises.

                          Respectfully submitted,

                          CARSON BOXBERGER LLP

                          By:   *s/ Edward J. Liptak*
                                Edward J. Liptak/ #9821-02
                                Attorneys for defendant,
                                Kohler Coating

3100 John Hinkle Place, Suite 106
Bloomington, Indiana   47408
Telephone:  (812) 333-1225

## CERTIFICATE OF SERVICE

      I do hereby certify that on this, the 28th day of March, 2012, a copy of the above and foregoing document was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

Matthew Reed King, Esq.
Brian R. Bouggy, Esq.
FROST BROWN TODD LLC
mking@fbtlaw.com
bbouggy@fbtlaw.com


Michael W. Phelps, Esq
NUNN LAW OFFICE
mikephelps5@gmail.com

Michael Carr Adley
LAW OFFICE OF LIBERTY MUTUAL GROUP
michael.adley@libertymutual.com
Georgia.Hartman@LibertyMutual.com

                                    *s/ Edward J. Liptak*
                                    Edward J. Liptak